[853 NYS2d 656]

In the Matter of AMIN KHALIL HUSSAIN-EL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 18, 2008

*Rita E. Adler*, Hauppauge (*Michele Martino* of counsel), for petitioner.

*Amin Khalil Hussain-El*, Babylon, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

In his affidavit of resignation dated October 1, 2007, the respondent acknowledges that he entered a plea of guilty on October 11, 2006, before the Honorable Gaetan B. Lozito in the District Court, Suffolk County, emanating from his actions in or about October 2004, which violated Judiciary Law § 486. On or about June 19, 2007, the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition setting forth four charges of professional misconduct. The respondent acknowledges his inability to defend himself against those charges.

He avers that his resignation is freely and voluntarily tendered and that he is not being subjected to coercion or duress by anyone. The respondent has discussed his resignation with persons whose advice and counsel he respects and is fully aware of the implications of its submission, including the fact that he is barred by Judiciary Law § 90 and the Rules of the Appellate Division, Second Department, from seeking reinstatement for at least seven years.

The respondent acknowledges that his resignation is submitted subject to any application which could be made by the Griev-

ance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He further acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the resignation.

Inasmuch as the respondent's proffered resignation complies with all pertinent court rules, it is accepted and, effective immediately the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

The disciplinary proceeding previously authorized against the respondent by decision and order on motion of this Court dated May 15, 2007 is discontinued in light of his resignation.

PRUDENTI, P.J., MASTRO, RIVERA, SPOLZINO and MILLER, JJ., concur.

Ordered that the resignation of Amin Khalil Hussain-El is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Amin Khalil Hussain-El is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Amin Khalil Hussain-El shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Amin Khalil Hussain-El is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Amin Khalil Hussain-El has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent

shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceeding authorized by decision and order on motion of this Court dated May 15, 2007 is discontinued.